# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANGEL GIARMO,

    Petitioner,

vs.

THE STATE OF NEVADA,

    Respondent.

Case No. 2:15-cv-00726-RCJ-NJK

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 9) and respondents' motion to dismiss (ECF No. 12). Petitioner has not filed a response. The court finds that petitioner has not exhausted her state-court remedies for five of her six grounds for relief, and the court grants the motion in part.

    Pursuant to a plea agreement, petitioner was convicted in state court of one count of burglary. The state district court adjudicated petitioner as a habitual criminal and sentenced her to life imprisonment with eligibility for parole starting after ten years. Ex. 32 (ECF No. 14-6).

    Petitioner then pursued simultaneously a direct appeal, Ex. 36 (ECF No. 14-10), a motion for reconsideration of sentence, Ex. 38 (ECF No. 14-12), and a post-conviction petition for a writ of habeas corpus, Ex. 35 (ECF No. 14-9).

    Regarding the direct appeal, the Nevada Supreme Court affirmed the judgment of conviction. Ex. 82 (ECF No. 16-6).

    Regarding the motion for reconsideration of sentence, the state district court denied the motion. Ex. 47 (ECF No. 14-21). Petitioner appealed. The Nevada Supreme Court affirmed,

holding that petitioner raised issues that were beyond the scope of a motion to correct or modify an illegal sentence pursuant to Nev. Rev. Stat. § 176.555. Ex. 76 (ECF No. 16).

Regarding the post-conviction habeas corpus petition, the state district court denied the petition. Ex. 90 (ECF No. 16-14). Petitioner appealed. The Nevada Court of Appeals affirmed. Ex. 104 (ECF No. 17-3).

Petitioner then commenced this action.

Respondents present multiple reasons why the court should dismiss the petition. The court turns first to the exhaustion of available state-court remedies.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Petitioner did not file a response to the motion to dismiss, and thus she consents to the granting of the motion. LR 7-2(d). The court has reviewed respondents' arguments regarding exhaustion and the exhibits of the state-court proceedings. The court agrees with respondents that petitioner has not exhausted her available state-court remedies for grounds 1, 2, 3, 5, and 6, for the reasons stated in the motion to dismiss.

The court disagrees with respondents that part of ground 4 is unexhausted. Petitioner presents three distinct claims in ground 4, and respondents have . First is a claim that petitioner's sentence is a cruel and unusual punishment in violation of the Eighth Amendment. Respondents do not argue that petitioner has failed to exhaust this part of ground of ground 4.

Second is a claim that the prosecution deviated from the plea agreement. Respondents argue that petitioner presented this claim solely as an issue of state law. The Nevada Supreme Court's decision cited Sullivan v. State, 990 P.2d 1258, 1260 (Nev. 1999), for the proposition that "[a] plea agreement is construed according to what the defendant reasonably understood when he or she entered the plea." Sullivan, in turn, cited Santobello v. New York, 404 U.S. 257, 262 (1971), which held that due process requires that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." As noted above, citation to a state-court decision that itself applies federal law is sufficient to present the federal-law claim to the state court. Peterson, 319 F.3d at 1158. Additionally, a state court's addressing of a federal-law claim by itself is sufficient to satisfy the exhaustion requirement. Sandgathe v. Maass, 314 F.3d 371, 376-77 (9th Cir. 2002). Even if petitioner did not present the federal-law nature of the claim on direct appeal, the Nevada Supreme Court treated it as an issue of federal law. This part of ground 4 is exhausted.

Third is a claim that trial counsel misled petitioner about what the prosecution could recommend at sentencing. In the state habeas corpus petition, this claim was, in full, "Defendant's lawyer misadvised on sentence she would receive." Ex. 35, at 4 (ECF No. 14-9, at 5). However, the state district court treated the claim as a federal-law claim of ineffective assistance of counsel. Ex. 90, at 3-4 (ECF No. 16-14, at 4-5). The Nevada Court of Appeals treated the claim, summarily, as a federal-law claim of ineffective assistance of counsel. Ex. 104, at 1 (ECF No. 17-3, at 2). Even if petitioner did not explicitly present this claim as a claim of federal law, the state courts treated the claim as an issue of federal law, and this part of ground 4 is exhausted. See Sandgathe, 314 F.3d at 376-77.

Respondents argue that petitioner did not sign her petition. They are correct. The petition (ECF No. 9) is missing the form's signature page. Petitioner can cure this defect by filing an amended petition that includes the required signatures.

Respondents argue that (1) grounds 1, 2, 3, 5, and 6 are conclusory, (2) grounds 5 and 6 are not addressable in federal law, and (3) ground 6 is procedurally defaulted if it is exhausted. The court does not address this arguments because the court has concluded that the grounds are unexhausted. Petitioner will need to decide what to do with the unexhausted grounds.

The petition (ECF No. 9) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted grounds 1, 2, 3, 5, and 6 and proceed with the remaining grounds, she may voluntarily dismiss this action without prejudice while she returns to state court to exhaust grounds 1, 2, 3, 5, and 6, or she may move to stay this action while she returns to state court to exhaust grounds 1, 2, 3, 5, and 6. If petitioner chooses the second option, the court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition. If petitioner chooses the last option, she must show that she has "good cause for [her] failure to exhaust, [her] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005). If petitioner chooses the last option, she also will need to designate an alternative choice in case the court declines to stay the action. Otherwise, the court will dismiss the action.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 12) is **GRANTED** in part with respect to grounds 1, 2, 3, 5, and 6.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following: (1) inform this court in a sworn declaration that she wishes to dismiss grounds 1, 2, 3, 5, and 6 of her petition (ECF No. 9), and proceed only on the remaining grounds for relief, (2) inform this court in a sworn declaration that she wishes to dismiss her petition (ECF No. 9) to return to state court to exhaust her state remedies with respect to the claims set out

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>

<a>
<b>
</b>
</a>


<p>
</p>

in grounds 1, 2, 3, 5, and 6 of her petition (ECF No. 9), or (3) move to stay this action while she returns to state court to exhaust her state remedies with respect to the claims set out in grounds 1, 2, 3, 5, and 6 of her petition (ECF No. 9). Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions.

IT IS FURTHER ORDERED that, if petitioner chooses to dismiss the unexhausted grounds 1, 2, 3, 5, and 6, or if petitioner chooses to move to stay this action, then petitioner will have thirty (30) days from the date that this order is entered in which to file an amended petition that contains the required signatures. If petitioner chooses to dismiss the unexhausted grounds 1, 2, 3, 5, and 6, then she should omit them from the amended petition, and she should re-allege only ground 4. If petitioner chooses to move to stay this action, then she should re-allege all grounds for relief. Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the case number, 2:15-cv-00726-RCJ-NJK, above the word "AMENDED."

IT IS FURTHER ORDERED that if petitioner elects to dismiss the unexhausted grounds 1, 2, 3, 5, and 6 and proceed on the remaining ground 4, then respondents shall file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within forty-five (45) days after petitioner serves her declaration dismissing those grounds and her amended petition. Petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

Dated:   August 23, 2016.

_____
ROBERT C. JONES
United States District Judge