# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANGEL GIARMO,<br><br>              Petitioner,<br><br>   v.<br><br>THE STATE OF NEVADA,<br><br>             Respondent. | Case No. 2:15-cv-00726-RCJ-NJK<br><br>**ORDER** |

     Before the court are the petition for a writ of habeas corpus (ECF No. 9) and respondent's answer (ECF No. 24). The court finds that petitioner is not entitled to relief, and the court denies the petition.

     In the state district court, petitioner agreed to plead guilty to one count of burglary. The remaining ground of the petition concerns the provisions of habitual-criminal adjudication. The prosecution agreed not to seek habitual-criminal adjudication, with two conditions. Ex. 12, at 1 (ECF No. 13-12, at 2). First, if petitioner was released from custody and then failed to appear at the sentencing hearing, then petitioner agreed to be adjudicated as a habitual criminal and sentenced to prison for a maximum term of 20 years and a minimum term of 8 years. Id. Second, petitioner needed to stay out of trouble. The agreement provided:

> I understand and agree that, if I fail to interview with the Department of Parole and Probation, fail to appear at any subsequent hearings in this case, or an independent magistrate, by affidavit review, confirms probable cause against me for new

1

criminal charges including reckless driving or DUI, but excluding minor traffic
violations, that the State will have the unqualified right to argue for any legal
sentence and term of confinement allowable for the crime(s) to which I am
pleading guilty, including the use of any prior convictions I may have to increase
my sentence as an habitual criminal to FIVE (5) to TWENTY (20) years, life
without the possibility of parole, life with the possibility of parole after TEN (10)
years, or a definite TWENTY-FIVE (25) year term with the possibility of parole
after TEN (10) years.

Ex. 12, at 2 (ECF No. 13-12, at 3). While petitioner awaited sentencing in jail, she was charged with battery by a prisoner, and a magistrate found probable cause. Ex. 26, at 2-3 (ECF No. 14, at 3-4). The prosecution filed a notice of intent to seek punishment as a habitual criminal. The notice listed 12 prior crimes. Ex. 27 (ECF No. 14-1). At the sentencing hearing, the prosecution noted that the battery by a prisoner case was dismissed because the victim did not appear at the preliminary hearing. Nonetheless, the prosecution wanted to argue habitual-criminal adjudication because the magistrate's finding of probable cause satisfied the above-quoted provision of the plea agreement. The court agreed. Ex. 31, at 5 (ECF No. 14-5, at 6). The judge determined that petitioner was a habitual criminal and sentenced her to life imprisonment with eligibility of parole starting after 10 years. Ex. 32 (ECF No. 14-6).

Petitioner appealed, filed a motion to modify sentence, and filed a post-conviction habeas corpus petition. All were unsuccessful. See Ex. 76 (ECF No. 16), Ex. 82 (ECF No. 16-6), Ex. 104 (ECF No. 17-3).

Petitioner then commenced this action. The petition (ECF No. 9) originally contained six numbered grounds. The court determined that grounds 1, 2, 3, 5, and 6 were not exhausted. Petitioner dismissed those grounds. Reasonable jurists would not find the court's procedural ruling on grounds 1, 2, 3, 5, and 6 to be debatable or wrong, and the court will not issue a certificate of appealability for those grounds.

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect to any
claim that was adjudicated on the merits in State court proceedings unless the
adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 562 U.S. at 100. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 562 U.S. at 102.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 103.

Ground 4 remains. The court has discerned three claims in the ground. The ground is, in full:

> [A] I was sentenced to a 10 to life [B] for a "hearsay" new charge of Battery that never made it to pre-lim, [C] and I was under the impression the only way they were allowed to pull my plea is if I was found guilty of a new charge. This was told to me by Mr. Almase. So once again my lawyer misled me.

ECF No. 9, at 7.[1]

Ground 4[A] is a claim that petitioner's sentence violates the Eighth Amendment's prohibition of cruel and unusual punishments. On this issue, the Nevada Supreme Court held:

> Appellant Angel Ann Giarmo contends that her sentence constitutes cruel and unusual punishment under the United States and Nevada Constitutions because the convictions supporting her sentence under the habitual criminal statute, NRS 207.010, were for non-violent offenses.
>
> Regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" Blume v. State, 1122, Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting Culverson v. State, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); see also Harmelin v. Michigan, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that the Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime).
>
> The sentence imposed is within the parameters provided by the relevant statute, see NRS 207.010(1)(b), and Giarmo does not allege that the statute is unconstitutional. Further, this court has consistently observed that "NRS 207.010 makes no special allowance for non-violent crimes"; rather, they are a consideration within the district court's sentencing discretion. Arajakis v. State, 108 Nev. 976, 983, 843 P.2d 800, 805 (1992); see Tillema v. State, 112 Nev. 266, 271, 914 P.2d 605, 608 (1996). We are not convinced that the sentence imposed is so grossly disproportionate to the crime and Giarmo's history of recidivism as to constitute cruel and unusual punishment. See Ewing v. California, 538 U.S. 11, 29 (2003) (plurality opinion).

Ex. 82, at 1-2 (ECF No. 16-6, at 2-3). The Eighth Amendment prohibits grossly disproportionate sentences. Lockyer v. Andrade, 538 U.S. 63, 71-73 (2003) (citing Harmelin v. Michigan, 501 U.S. 957 (1991); Solem v. Helm, 463 U.S. 277 (1983); Rummel v. Estelle, 445 U.S. 263 (1980)). Nevada has developed the same principle, as shown in the passage quoted above. The rule

---

[1] Curtis Cannon represented petitioner during plea negotiations and the entry of her plea. See Ex. 12 (ECF No. 13-12), Ex. 13 (ECF No. 13-13). Caesar Almase started representing petitioner almost 6 months after plea negotiations and entry of the plea. See Ex. 23 (ECF No. 13-23). The court construes the claim of ineffective assistance to refer to Cannon, not Almase.

4

regarding the proportionality of a sentence is about as general as possible. "A gross disproportionality principle is applicable to sentences for terms of years." Andrade, 538 U.S. at 72. "[T]he precise contours of [it] are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." Id. at 73. Andrade was a repeat offender, and he received consecutive sentences of life imprisonment with the possibility of parole for two separate thefts of videotapes. The Supreme Court held that the California Supreme Court applied the principle reasonably when holding that the sentences were not grossly disproportionate. Petitioner herself has a long criminal history. At sentencing, the prosecution proved four felony convictions from Nevada. The prosecution did not obtain copies of out-of-state judgments of conviction in time for sentencing, but petitioner did not dispute her criminal history. Petitioner qualified for habitual-criminal adjudication under Nev. Rev. Stat. § 207.010, and no reasonable jurist would find the Nevada Supreme Court's decision to be debatable or wrong. Ground 4[A] is without merit, and the court will not issue a certificate of appealability for it.

Ground 4[B] is a claim that the prosecution breached the plea agreement by seeking habitual-criminal adjudication. On this issue, the Nevada Supreme Court held:

> Next, Giarmo contends that the State breached the terms of the plea agreement by seeking habitual criminal treatment. We disagree.
>
> The written plea agreement and the plea canvass transcript demonstrate that Giarmo reasonably understood that the State would be free to argue for any appropriate sentence if a court "confirms probable cause against [her] for new criminal charges" prior to sentencing. See Sullivan v. State, 115 Nev. 383, 387, 990 P.2d 1258, 1260 (1999) ("A plea agreement is construed according to what the defendant reasonably understood when he or she entered the plea."). Prior to sentencing, Giarmo was charged with battery by a prisoner. The sentencing court concluded that the finding of probable cause based on affidavit review in the battery case was sufficient to permit the State to freely argue for any sentence under the terms of the plea agreement. We conclude from this record that the State did not breach the terms or the spirit of its agreement with Giarmo. See Sparks v. State, 121 Nev. 107, 110, 110 P.3d 486, 487 (2005) ("When the State enters into a plea agreement, it is held to the most meticulous standards of both promise and performance with respect to both the terms and the spirit of the plea bargain." (internal quotation marks omitted)).

Ex. 82, at 2-3 (ECF No. 16-6, at 3-4). The plea agreement contains a provision that allowed the prosecution to argue for habitual-criminal adjudication if an independent magistrate found probable cause. Petitioner did not dispute that she had been charged with battery by a prisoner

5

and that a magistrate had found probable cause. See Ex. 31, at 4-5 (ECF No. 14-5, at 5-6). The Nevada Supreme Court reasonably concluded that the prosecution did not breach either the letter or the spirit of the plea agreement. Ground 4[B] is without merit.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability on ground 4[B].

Ground 4[C] is a claim that counsel misled petitioner about the possible consequences of her plea. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Strickland expressly declines to articulate specific guidelines for attorney performance beyond generalized duties, including the duty of loyalty, the duty to avoid conflicts of interest, the duty to advocate the defendant's cause, and the duty to communicate with the client over the course of the prosecution. 466 U.S. at 688. The Court avoided defining defense counsel's duties so exhaustively as to give rise to a "checklist for judicial evaluation of attorney performance. . . . Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." Id. at 688-89.

Review of an attorney's performance must be "highly deferential," and must adopt counsel's perspective at the time of the challenged conduct to avoid the "distorting effects of hindsight." Strickland, 466 U.S. at 689. A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

The Sixth Amendment does not guarantee effective counsel per se, but rather a fair proceeding with a reliable outcome. See Strickland, 466 U.S. at 691-92. See also Jennings v. Woodford, 290 F.3d 1006, 1012 (9th Cir. 2002). Consequently, a demonstration that counsel fell below an objective standard of reasonableness alone is insufficient to warrant a finding of ineffective assistance. The petitioner must also show that the attorney's sub-par performance prejudiced the defense. Strickland, 466 U.S. at 691-92. There must be a reasonable probability that, but for the attorney's challenged conduct, the result of the proceeding in question would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so . . . . The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington v. Richter, 562 U.S. 86, 105 (2011) (citations omitted).

On this issue, the Nevada Court of Appeals held:

> In her petition filed on March 27, 2013, appellant claimed that the district court and counsel misled her about the sentence she would receive and counsel was ineffective at the time of the guilty plea. Appellant failed to support these claims with specific facts that, if true, would entitle her to relief. See Hargrove v. State, 100 Nev. 498, 502-03; 686 P.2d 222, 225 (1984). Therefore, the district court did not err in denying these claims.

Ex. 104, at 1 (ECF No. 17-3, at 2). The two relevant grounds in petitioner's state habeas corpus petition were, in full, "Defendant's lawyer mis-advised on sentence she would receive," and "Ineffective counsel at time of guilty plea." Ex. 35, at 4 (ECF No. 14-9, at 5). In addition to the lack of facts in the state petition, the written plea agreement stated that the prosecution could argue for habitual-criminal adjudication if a magistrate found probable cause on new charges. The written plea agreement did not require petitioner to be found guilty of those new charges. The Nevada Court of Appeals reasonably concluded that petitioner had not established facts that would demonstrate ineffective assistance of counsel. Ground 4[C] is without merit.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability on ground 4[C].

IT THEREFORE IS ORDERED that the petition for a writ of habeas corpus (ECF No. 9) is **DENIED**. The clerk of the court shall enter judgment accordingly and close this action.

IT FURTHER IS ORDERED that a certificate of appealability is **DENIED**.

DATED: 2 July 2018.

_____
ROBERT C. JONES
United States District Judge